Ken LEWIS
and Utility Reform Project,
*Plaintiffs-Respondents,*

*v.*

Lee BEYER,
Ray Baum, and John Savage,
*Defendants,*

*and*

OREGON PUBLIC UTILITY COMMISSION,
*Defendant-Appellant.*

Marion County Circuit Court
07C11429; A150592

338 P3d 715

Daniel W. Meek for petition.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Senior Assistant Attorney General, for response.

Before Duncan, Presiding Judge, and Armstrong, Judge, and Schuman, Senior Judge.

SCHUMAN, S. J.

**SCHUMAN, S. J.**

In this proceeding under ORS 183.490 to compel the Public Utility Commission (PUC) to order four utilities to establish "automatic adjustment clauses," we reversed a supplemental judgment of the trial court awarding attorney fees to plaintiffs Ken Lewis and the Utility Reform Project (URP), concluding that there was no statutory authorization for the award. *Lewis v. Beyer*, 262 Or App 486, 325 P3d 59 (2014). On plaintiffs' petition for reconsideration, we adhere to our conclusion but write briefly to correct errors in the opinion that are immaterial to the outcome.

The first error is a statement, *id.* at 492, that the appeal arises from a proceeding initiated by plaintiffs on October 29, 2007. In fact, that is the date that plaintiffs filed their amended complaint; they filed their original petition in February 2007, and we correct that statement accordingly. Also, we wrote:

> "Indeed, it could *not* be a valid petition for review of an agency order because the order in question issued in April 2007, the deadline for filing a petition for review expired 60 days later in June 2007, and this action was not filed until October 2007."

*Id.* at 496-97 (emphasis in original). We delete that sentence from the opinion, because it is incorrect; however, its deletion does not alter our analysis or conclusion that the proceeding is not one for which attorney fees are available under ORS 183.497, because it is not the type of proceeding for which attorney fees are authorized under the statute. 262 Or App at 496.

Plaintiffs contend that we mischaracterized their claim in the trial court as one seeking a refund of overpayments made prior to 2006 when, in fact, the claim was for a refund of overpayments for periods commencing January 1, 2006. We did not. Neither the amended complaint nor the briefing in this case made reference to the years for which a refund was sought. But it is clear from the amended complaint that the alleged inaction by the PUC that formed the basis for plaintiffs' claim was the rejection of plaintiffs' request to establish an automatic adjustment clause within 60 days from the PUC's November 22, 2005, threshold

finding, which was, in turn, based on the utility tax filings due October 15, 2005, for the three previous years. We were not mistaken in our characterization of plaintiffs' claim. Nonetheless, the trial court's judgment limited plaintiffs' relief and ordered that the PUC put into effect an automatic adjustment clause "to account for any and all difference between taxes actually paid to units of government and those collected on or after January 1, 2006." Thus, although plaintiffs' claim related to prior years, the trial court's judgment related only to amounts collected on or after January 1, 2006. But it related to the same alleged "inaction" by the PUC—the failure to establish an automatic adjustment clause based on the October 15, 2005, tax filings. If and to the extent that our opinion may have suggested that the trial court's judgment pertained to taxes collected for years prior to January 1, 2006, *see* 262 Or App at 497, we correct that inaccuracy. However, there has never been a contention that the PUC failed to respond to plaintiffs' efforts to have the agency impose an automatic adjustment clause; the PUC just rejected them. We therefore adhere to our discussion and conclusion that this case does not involve a failure to act, but an alleged erroneous decision by the PUC to reject plaintiffs' request for the establishment of an automatic adjustment clause based on the October 15, 2005, tax filings, whether for the period before or after January 1, 2006.

We reject plaintiffs' remaining contentions without discussion.

Reconsideration allowed; former opinion modified and adhered to as modified.